IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS MORRIS, | ) | |
|     Plaintiff, | ) | |
|     vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| a municipal corporation, | ) | 07 C 7168 |
| OFFICER JOSEPH QUINN, Star # 15057, | ) | |
| a City of Chicago Police Officer, | ) | Judge Manning |
| in his individual capacity, | ) | |
| OFFICER JAY MASEY, Star # 3826, | ) | Magistrate Brown |
| a City of Chicago Police Officer, | ) | |
| in his individual capacity, | ) | |
| SERGEANT PAUL JANKOWSKI, Star # 1523, | ) | |
| a City of Chicago Police Officer, | ) | |
| in his individual capacity, | ) | |
| | ) | |
|     Defendants. | ) | |

FIRST AMENDED COMPLAINT

Jurisdiction/Venue

1. This incident occurred on December 24, 2006, in the City of Chicago, County of Cook, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

Parties

3. At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

4. At the time of the occurrence, Defendant City of Chicago was a municipal

corporation, and the principal employer of Defendants Quinn, Masey and Jankowski, who were acting under color of law and in the course and scope of their employment with the City of Chicago as police officers.

Facts

5. On or about December 24, 2006, the Plaintiff was in the vicinity of 2229 S. Keeler Avenue, Chicago, Illinois.

6. Then and there, Defendants Quinn and Masey arrested the Plaintiff without probable cause or any legal justification.

7. During the seizure, Defendant Quinn grabbed Plaintiff around the neck and Defendant Masey threw Plaintiff to the ground. Defendant Quinn hit Plaintiff in the right eye while Defendant Masey punched Plaintiff in the jaw several times.

8. Defendants Quinn and Masey did not have a reasonable basis for using any force, much less the amount of force used against the Plaintiff.

9. Thereafter, Plaintiff was transported to Chicago Police Department located at 3315 W. Ogden Avenue, Chicago, Illinois for processing.

10. Upon arrival at the police department, while Plaintiff was still seated in the back of the squad car in cuffs, Defendant Sergeant Jankowski tasered Plaintiff three times.

11. These actions were without legal justification and caused bodily harm to the Plaintiff.

12. The officers at the police department were unable to remove the taser prongs and therefore transported Plaintiff to a hospital where a physician removed the taser prongs.

13. As the proximate result of all the aforementioned actions by Defendants Quinn, Masey and Jankowski, the Plaintiff suffered loss of freedom, bodily injury, pain and

suffering and medical expenses.

14. Thereafter, Plaintiff was charged with a felony offense and remained in custody awaiting trial for almost one full year, during which time Plaintiff's mother passed away.

15. Plaintiff's felony offense was terminated in his favor on December 11, 2007, in a manner consistent with the innocence of the Plaintiff.

## COUNT I – 42 U.S.C. § 1983 Excessive Force
(Plaintiff v Defendants Quinn, Masey and Jankowski)

16. Plaintiff re-alleges all prior allegations.

17. The actions of Defendants Quinn, Masey and Jankowski in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

18. As the proximate result of all of the aforementioned actions by Defendants Quinn, Masey and Jankowski, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological damage and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendants Quinn, Masey and Jankowski and because each acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

## COUNT II – 42 U.S.C. § 1983 False Arrest

(Plaintiff v. Defendants Quinn and Masey)

19. Plaintiff re-alleges what has been previously alleged in this Complaint.

20. The actions of Defendants Quinn and Masey in falsely seizing and ultimately arresting the Plaintiff without probable cause violated his rights under the Fourth Amendment to the United States Constitution to be secure in his persons, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

21. As the proximate result of all the aforementioned actions by Defendants Quinn and Masey, Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological damage and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendants Quinn and Masey and because each acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

### COUNT III – Illinois State Law Claim of Battery (respondeat superior)

(Plaintiff v. Defendant City of Chicago)

22. Plaintiff re-alleges what has been previously alleged in this Complaint.

23. One or more Chicago Police Officers with the Defendant City of Chicago physically abused the Plaintiff and these officers committed these intentional acts of harmful and/or offensive contact against the Plaintiff, and were without provocation or legal justification.

24. The actions of these City of Chicago police officers were the direct and proximate

cause of the injuries suffered by the Plaintiff, as described more fully above.

25. One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus costs of this action, plus any and other additional relief as this court deems equitable and just.

### COUNT IV – Illinois State Law Claim of False Imprisonment

(Plaintiff v. Defendant City of Chicago)

26. Plaintiff re-alleges what has been previously alleged in this Complaint.

27. One or more Chicago Police Officers placed handcuffs on the Plaintiff and arrested him, thus restricting his freedom of movement, and this was done without legal justification.

28. The actions of these Chicago police officers were the direct and proximate cause of the injuries suffered by the Plaintiff and the Plaintiff's loss of freedom, as described more fully above.

29. One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

## COUNT V – Illinois State Law Claim of Malicious Prosecution

(Plaintiff v Defendants Quinn, Masey, Jankowski and the City of Chicago)

30. Plaintiff re-alleges what has been previously alleged in this Complaint.

31. Plaintiff was falsely charged by Defendants Quinn, Masey and Jankowski with a felony offense, even though Defendants Quinn, Masey and Jankowski knew there was no probable cause for these charges to be filed against the Plaintiff. The Defendants took such actions with malice and in an effort to cover-up their actions described more fully above. Moreover, each of the Defendants played a "substantial role" in the prosecution of the Plaintiff.

32. In taking these actions, Defendants Quinn, Masey and Jankowski acted within the course and scope of his employment with the City of Chicago, and thus the City of Chicago is liable based on the theory of respondeat superior.

33. On December 11, 2007, all charges against the Plaintiff were terminated in the Plaintiff's favor, in a manner consistent with the innocence of the Plaintiff.

34. During the course of criminal litigation, Plaintiff spent one year in custody. While incarcerated, Plaintiff's mother passed away.

35. As a result of the actions described in this complaint, the Plaintiff suffered physical, emotional and pecuniary damages along with loss of freedom (including but not limited to medical bills and attorneys' fees).

WHEREFORE, Plaintiff demands compensatory damages against Defendants Quinn, Masey, Jankowski and the City of Chicago, plus punitive damages, costs and other and additional relief as this court deems equitable and just.

### COUNT VI – Indemnification (Federal Claims Only)

(Plaintiff v. City of Chicago)

36. Plaintiff re-alleges what has been previously alleged in this Complaint.

37. Defendant City of Chicago is the indemnifying entity for the actions described above, of Defendants Quinn, Masey and Jankowski, who took their actions while acting under the color of law and in the course and scope of his employment with the City of Chicago.

WHEREFORE, should Defendants Quinn, Masey and Jankowski be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) he obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

B:  s/Brian J. Barrido_____

Brian J. Barrido
One of the Attorneys for Plaintiff

Brian J. Barrido
Dvorak, Toppel & Barrido
3859 West 26th Street
Chicago, Illinois 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)