IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CURTIS MORRIS,                             )<br>                                            )<br>        Plaintiff,                         )<br>                                            )<br>    v.                                      )<br>                                            )<br>CITY OF CHICAGO, a municipal corporation,   )<br>OFFICER JOSEPH QUINN, Star #15057, a        )<br>City of Chicago Police Officer, in his individual )<br>capacity, OFFICER JAY MASEY, Star #3826, a )<br>City of Chicago Police Officer, in his individual )<br>capacity, SERGEANT PAUL JANKOWSKI,          )<br>Star #1523, a City of Chicago Police Officer, in his )<br>individual capacity,                        )<br>                                            )<br>        Defendants.                         ) | No. 07 C 7168<br><br>JUDGE MANNING<br><br>MAGISTRATE JUDGE BROWN<br><br>JURY DEMAND |

**DEFENDANTS' ANSWER, DEFENSES, AND JURY DEMAND
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Paul Jankowski, Jay Masey, and Joseph Quinn (collectively, the Defendant Officers"), and Defendant City of Chicago (the "City"), through their attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, by Marc J. Boxerman, Senior Counsel, state for their Answers and Defenses to Plaintiff's First Amended Complaint as follows:

Jurisdiction/Venue

1.  This incident occurred on December 24, 2006, in the City of Chicago, County of Cook, Illinois.

    **ANSWER:** Defendants admit the allegations contained in Paragraph 1.

2.  The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

**ANSWER:** Defendants admit this court has jurisdiction over this matter but deny that jurisdiction is properly invoked under 42 U.S.C. § 1988 or under the Constitution of the United States.

Parties

3. At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

**ANSWER:** Defendants admit the allegations contained in Paragraph 3.

4. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendants Quinn, Masey and Jankowski, who were acting under color of law and in the course and scope of their employment within the City of Chicago as police officers.

**ANSWER:** Defendants admit the allegations contained in Paragraph 4.

Facts

5. On or about December 24, 2006, the Plaintiff was in the vicinity of 2229 S. Keeler Avenue, Chicago, Illinois.

**ANSWER:** Defendants admit that on December 24, 2006, at or about 8:15 p.m., Plaintiff was in the vicinity of 2229 S. Keeler Avenue, in Chicago, Illinois. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

6. Then and there, Defendants Quinn and Masey arrested the Plaintiff without probable cause or any legal justification.

**ANSWER:** Defendants admit that Officers Masey and Quinn arrested Plaintiff on December 24, 2006, at or about 8:15 p.m. in the vicinity of 2229 S. Keeler Avenue, in Chicago, Illinois. Defendants deny the remaining allegations contained in Paragraph 6.

7. During the seizure, Defendant Quinn grabbed Plaintiff around the neck and Defendant Masey threw Plaintiff to the ground. Defendant Quinn hit Plaintiff in the right eye while Defendant Masey punched Plaintiff in the jaw several times.

**ANSWER:** Defendants Masey and Quinn deny the allegations contained in Paragraph 7. Defendants Jankowski and the City are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Defendants Quinn and Masey did not have a reasonable basis for using any force, much less the amount of force used against the Plaintiff.

**ANSWER:** Defendants Masey and Quinn deny the allegations contained in Paragraph 8. Sergeant Jankowski and the City are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Thereafter, Plaintiff was transported to Chicago Police Department located at 3315 W. Ogden Avenue, Chicago, Illinois for processing.

**ANSWER:** Defendants admit the allegations contained in Paragraph 9.

10. Upon arrival at the police department, while Plaintiff was still seated in the back of the squad car in cuffs, Defendant Sergeant Jankowski tasered Plaintiff three times.

**ANSWER:** Defendants admit that after Plaintiff's arrival at the police station, Sergeant Jankowski tasered Plaintiff while Plaintiff was in handcuffs and in the back of the squad car. Defendants deny the remaining allegations contained in Paragraph 10.

11. These actions were without legal justification and caused bodily harm to the Plaintiff.

**ANSWER:** Defendants deny that these actions were without legal justification. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12. The officers at the police department were unable to remove the taser prongs and therefore transported Plaintiff to a hospital where a physician removed the taser prongs.

**ANSWER:** Defendants admit that Plaintiff was taken to a hospital, where a physician removed the taser prongs. Sergeant Jankowski and Officers Masey and Quinn deny the

remaining allegations contained in Paragraph 12. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12.

13. As the proximate result of all the aforementioned actions by Defendants Quinn, Masey and Jankowski, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering and medical expenses.

**ANSWER:** Defendants admit that Plaintiff suffered loss of freedom. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13.

14. Thereafter, Plaintiff was charged with a felony offense and remained in custody awaiting trial for almost one full year, during which time Plaintiff's mother passed away.

**ANSWER:** Defendants admit that Plaintiff was charged with at least one felony and remained in custody awaiting trial for almost one year. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14.

15. Plaintiff's felony offense was terminated in his favor on December 11, 2007, in a manner consistent with the innocence of the Plaintiff.

**ANSWER:** Defendants admit the allegations contained in Paragraph 15.

### COUNT I - 42 U.S.C. S 1983 Excessive Force

(Plaintiff v Defendants Quinn, Masey and Jankowski)

16. Plaintiff re-alleges all prior allegations.

**ANSWER:** Sergeant Jankowski and Officers Masey and Quinn restate their answers for Paragraphs 1 through 15 as their answer to Paragraph 16. The City makes no answer to Count I because it is not directed against the City.

17. The actions of Defendants Quinn, Masey and Jankowski in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states

and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. §1983.

**ANSWER:** Sergeant Jankowski and Officers Masey and Quinn deny the allegations contained in Paragraph 17. The City makes no answer to Count I because it is not directed against the City.

18. As the proximate result of all of the aforementioned actions by Defendants Quinn, Masey and Jankowski, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological damage and medical expenses.

**ANSWER:** Sergeant Jankowski and Officers Masey and Quinn admit that Plaintiff suffered loss of freedom but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18. The City makes no answer to Count I because it is not directed against the City.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendants Quinn, Masey and Jankowski and because each acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

**ANSWER:** Sergeant Jankowski and Officers Masey and Quinn deny that Plaintiff is entitled to the relief requested. The City makes no answer to Count I because it is not directed against the City.

## COUNT II - 42 U.S.C. § 1983 False Arrest

(Plaintiff v. Defendants Quinn and Masey)

19. Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER:** Officers Masey and Quinn restate their answers for Paragraphs 1 through 18 as their answer to Paragraph 19. The City and Sergeant Jankowski make no answer to Count II because it is not directed against them.

20. The actions of Defendants Quinn and Masey in falsely seizing and ultimately arresting the Plaintiff without probable cause violated his rights under the Fourth Amendment to the United States Constitution to be secure in his persons, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

**ANSWER:** Officers Masey and Quinn deny the allegations contained in Paragraph 20. The City and Sergeant Jankowski make no answer to Count II because it is not directed against them.

21. As the proximate result of all the aforementioned actions by Defendants Quinn and Masey, Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological damage and medical expenses.

**ANSWER:** Officers Masey and Quinn admit that Plaintiff suffered loss of freedom but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21. The City and Sergeant Jankowski make no answer to Count II because it is not directed against them.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendants Quinn and Masey and because each acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

**ANSWER:** Officers Masey and Quinn deny that Plaintiff is entitled to the relief requested. The City and Seargeant Jankowski make no answer to Count II because it is not directed against them.

### COUNT III - Illinois State Law Claim of Battery (respondeat superior)

(Plaintiff v. Defendant City of Chicago)

22. Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER:** The City restates its answers for Paragraphs 1 through 21 as its answer to Paragraph 22. Sergeant Jankowski and Officers Masey and Quinn make no answer to Count III because it is not directed against them.

23. One or more Chicago Police Officers with the Defendant City of Chicago physically abused the Plaintiff and these officers committed these intentional acts of harmful and/or offensive contact against the Plaintiff, and were without provocation or legal justification.

**ANSWER:** The City denies the allegations contained in Paragraph 23. Sergeant Jankowski and Officers Masey and Quinn make no answer to Count III because it is not directed against them.

24. The actions of these City of Chicago police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

**ANSWER:** The City denies the allegations contained in Paragraph 24. Sergeant Jankowski and Officers Masey and Quinn make no answer to Count III because it is not directed against them.

25. One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

**ANSWER:** The City admits that one or more Chicago Police Officers were acting in the course and scope of their employment with the City in their dealings with Plaintiff on December 24, 2006. The City denies the remaining allegations contained in Paragraph 25. Sergeant Jankowski and Officers Masey and Quinn make no answer to Count III because it is not directed against them.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus costs of this action, plus any and other additional relief as this court deems equitable and just.

**ANSWER:** The City denies that Plaintiff is entitled to the relief requested. Sergeant Jankowski and Officers Masey and Quinn make no answer to Count III because it is not directed against them.

## COUNT IV - Illinois State Law Claim of False Imprisonment

(Plaintiff v. Defendant City of Chicago)

26. Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER:** The City restates its answers for Paragraphs 1 through 25 as its answer to Paragraph 26. Sergeant Jankowski and Officers Masey and Quinn make no answer to Count IV because it is not directed against them.

27. One or more Chicago Police Officers placed handcuffs on the Plaintiff and arrested him, thus restricting his freedom of movement, and this was done without legal justification.

**ANSWER:** The City admits that one or more Chicago Police Officers placed handcuffs on the Plaintiff, thus restricting his freedom of movement. The City denies the remaining allegations contained in Paragraph 27. Sergeant Jankowski and Officers Masey and Quinn make no answer to Count IV because it is not directed against them.

28. The actions of these Chicago police officers were the direct and proximate cause of the injuries suffered by the Plaintiff and the Plaintiff's loss of freedom, as described more fully above.

**ANSWER:** The City admits that the actions of these Chicago police officers was a, but not the only, direct and proximate cause of Plaintiff's loss of freedom. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28. Sergeant Jankowski and Officers Masey and Quinn make no answer to Count IV because it is not directed against them.

29. One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

**ANSWER:** The City admits that one or more Chicago Police Officers were acting in the course and scope of their employment with the City in their dealings with Plaintiff on December 24, 2006. The City denies the remaining allegations contained in Paragraph 29.

Sergeant Jankowski and Officers Masey and Quinn make no answer to Count IV because it is not directed against them.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

**ANSWER:** The City denies that Plaintiff is entitled to the relief requested. Sergeant Jankowski and Officers Masey and Quinn make no answer to Count IV because it is not directed against them.

### COUNT V - Illinois State Law Claim of Malicious Prosecution

(Plaintiff v Defendants Quinn, Masey, Jankowski and the City of Chicago)

30. Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER:** Defendants restate their answers for Paragraphs 1 through 29 as their answer to Paragraph 30.

31. Plaintiff was falsely charged by Defendants Quinn, Masey and Jankowski with a felony offense, even though Defendants Quinn, Masey and Jankowski knew there was no probable cause for these charges to be filed against the Plaintiff. The Defendants took such actions with malice and in an effort to cover-up their actions described more fully above. Moreover, each of the Defendants played a "substantial role" in the prosecution of the Plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 31.

32. In taking these actions, Defendants Quinn, Masey and Jankowski acted within the course and scope of his employment with the City of Chicago, and thus the City of Chicago is liable based on the theory of respondeat superior.

**ANSWER:** Defendants admit that Sergeant Jankowski and Officers Masey and Quinn were acting within the course and scope of their employment with the City in their dealings with Plaintiff on December 24, 2006. Defendants deny the remaining allegations contained in Paragraph 32.

33.     On December 11, 2007, all charges against the Plaintiff were terminated in the Plaintiff's favor, in a manner consistent with the innocence of the Plaintiff.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 33.

34.     During the course of criminal litigation, Plaintiff spent one year in custody. While incarcerated, Plaintiff's mother passed away.

**ANSWER:**    Defendants admit that Plaintiff was incarcerated for almost one year during the course of the criminal litigation. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34.

35.     As a result of the actions described in this complaint, the Plaintiff suffered physical, emotional and pecuniary damages along with loss of freedom (including but not limited to medical bills and attorneys' fees).

**ANSWER:**    Defendants admit that Plaintiff suffered loss of freedom. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35.

WHEREFORE, Plaintiff demands compensatory damages against Defendants Quinn, Masey, Jankowski and the City of Chicago, plus punitive damages, costs and other and additional relief as this court deems equitable and just.

**ANSWER:**    Defendants deny that Plaintiff is entitled to the relief requested.

### COUNT VI - Indemnification (Federal Claims Only)

(Plaintiff v. City of Chicago)

36.     Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER:**    The City restates its answers for Paragraphs 1 through 35 as its answer to Paragraph 36. Sergeant Jankowski and Officers Masey and Quinn make no answer to Count VI because it is not directed against them.

37.     Defendant City of Chicago is the indemnifying entity for the actions described above, of Defendants Quinn, Masey and Jankowski, who took their actions while acting under the color of law and in the course and scope of his employment with the City of Chicago.

**ANSWER:**     The City admits the allegations contained in Paragraph 36 but denies it is liable to Plaintiff. Sergeant Jankowski and Officers Masey and Quinn make no answer to Count VI because it is not directed against them.

WHEREFORE, should Defendants Quinn, Masey and Jankowski be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) he obtains thereon.

**ANSWER:**     The City denies that Plaintiff is entitled to the relief requested. Sergeant Jankowski and Officers Masey and Quinn make no answer to Count VI because it is not directed against them.

## AFFIRMATIVE DEFENSES

1.      Regarding Plaintiff's state law claims, to the extent any employee or agent of Defendant City of Chicago was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2006).

2.      Regarding Plaintiff's state law claims, Defendant Officers are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (internal citations omitted).

3.      Regarding Plaintiff's state law claims, Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201 (2006).

4. Defendant Officers are entitled to qualified immunity. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and information that Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

5. Regarding Plaintiff's state law claims, Plaintiff cannot establish willful and wanton misconduct on the part of Defendant Officers. Therefore Defendant Officers are immune from suit. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202 (2006).

6. Regarding Plaintiff's state law claims, Defendants are not liable for any injury caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204 (2006).

7. Regarding Plaintiff's state law claims, to the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows,* 167 Ill.2d 41, 656 N.E.2d 768 (Ill. 1995).

8. Under Illinois Tort Immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the

scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (2006).

9. Defendant Officers' use of force was reasonable and justifiable under the circumstances. A peace officer is justified in the use of any force which he reasonably believes to be necessary to effect the arrest and of any force which he reasonably believes to be necessary to defend himself or another from bodily harm while making the arrest. 720 ILCS 5/7-5 (2006).

10. Defendant City is not liable to Plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

## DEFENSES TO ALL CLAIMS

11. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

12. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this cause.

13. The City is not liable for punitive damages. 745 ILCS 10/2-102 (2006); *City of Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981).

## JURY DEMAND

Defendants the City of Chicago, Sergeant Paul Jankowski, and Officers Jay Masey and Joseph Quinn request trial by jury.

                                                Respectfully submitted,

                                                MARA S. GEORGES
                                                Corporation Counsel
                                                 of the City of Chicago

                              By:     s/Marc J. Boxerman
                                         MARC J. BOXERMAN
                                         Senior Counsel

Marc J. Boxerman
30 N. La Salle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-7684
(312) 744-6566 (Fax)
mboxerman@cityofchicago.org
Atty. No. 06215790

**CERTIFICATE OF SERVICE**

      I, Marc J. Boxerman, an attorney, hereby certify that I have caused a true and correct copy of the above **Notice of Filing** and **Defendants' Answer, Defenses, and Jury Demand to Plaintiff's First Amended Complaint** to be sent via e-filing to the person named below, a "Filing User" pursuant to Case Management/Electronic Case Files, on March 5, 2008, in accordance with the rules governing the electronic filing of documents.

                                                      s/ Marc J. Boxerman
                                                      MARC J. BOXERMAN

Person served:

Brian J. Barrido
Dvorak, Toppel & Barrido
3859 West 26th Street
Chicago, IL 60623